Derbigny, J.
delivered the opinion of the court. The plaintiff sent to the house of Christy and Basdeu, of this place, four pipes of brandy to be sold by them for his account; they sold it to the defendant H. Jones ; and although an entry was made in their books, from which doubts have arisen whether they undertook to sell it as theirs, we believe that it had not ceased to be the property of the plaintiff, before they sold it to the defendant. After the sale, the *16 brandy was shipped on board the steam boat Franklin bound to St. Louis, and was consigned to W. Christy on board, who was directed by his house, to place it in the hands of some responsible firm at St. Louis, with orders to hold the proceeds at the disposal of Christy & Basden, or remit them to that house in this city. The brandy was, in no case, to be delivered to Jones until he should pay for it. After that extraordinary agreement, we look in vain for any evidence that Jones ever received either the brandy or the proceeds of it: so that we are at loss to conceive upon what ground the purchase money is demanded of him. The judgment, by which the parish court absolved him of this demand, is therefore correct.
East’n District.
April, 1820.
The syndics of the creditors of Christy & Basden, who are now bankrupts, have also been made parties defendant in this case. The prayer against them is, that they may shew why they interfere to prevent the defendant Jones from paying the plaintiff; and that they may be decreed to pay the costs and damages, which have accrued to the plaintiff by that interference. Upon that prayer, judgment by default was rendered against them for the amount of the debt. We find that judgment erroneous in two points of view : 1st. it is inconsistent with the nature of the demand : 2dly, no responsibility *17 of any kind can have been incurred by these parties, had they, as it is alledged, interfered to prevent payment of that which was not due.
Turner for the plaintiff, Eustis for the defendants.
It is, therefore, ordered and decreed, that the judgment given in favour of the defendant Jones, be affirmed with costs : that the judgment rendered against the syndics of Christy & Basden be reversed, and that judgment be entered for them with costs.